[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14703
Non-Argument Calendar
_____

D.C. Docket Nos. 3:11-cv-08025-SLB-HGD; 3:05-cr-00257-SLB-HGD-15


RAUL TOPETE,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 19, 2015)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

    Raul Topete, a federal prisoner, appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate his sentence, alleging that his trial counsel

provided ineffective assistance by threatening to withdraw if he testified at his trial. On appeal, Topete argues that it was deficient performance for his counsel to threaten to withdraw during trial to prevent him from testifying, and he was prejudiced because his coerced silence rendered the trial unfair and its result unreliable. After careful review, we affirm.

In reviewing a § 2255 proceeding, we review legal conclusions de novo and factual findings for clear error. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014). Ineffective-assistance-of-counsel claims are mixed questions of law and fact that are reviewed de novo. Id. Whether a defendant voluntarily chose not to testify or instead was coerced is a fact finding reviewed for clear error. See Nichols v. Butler, 953 F.2d 1550, 1552 n.5 (11th Cir. 1992) (en banc).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. To make such a showing, a prisoner must prove two things: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Id. at 687. The Supreme Court also made clear in Strickland that a court need not address both prongs if the petitioner has made an insufficient showing on one of them, and

that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697.

Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Supreme Court has elaborated that "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

A defendant has a fundamental constitutional right to choose whether or not to testify on his own behalf at trial. United States v. Teague, 953 F.2d 1525, 1532-33 (11th Cir. 1992) (en banc). Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. Id. Counsel may advise the client in the strongest possible terms not to testify, but the choice whether to testify lies with the defendant. Id. at 1533. Counsel has the responsibility of ensuring that any waiver of the right to testify is knowing and voluntary. Id. at 1533-34.

A claim that a defendant's right to testify was violated by defense counsel is analyzed as a claim of ineffective assistance of counsel. Id. at 1534. We've held

that counsel's performance was deficient when he coerced a defendant into not testifying by threatening to withdraw in the middle of trial. Nichols, 953 F.2d at 1553. We deemed that kind of deficient performance prejudicial in "a very close case" where there was at least a reasonable probability that, but for counsel's unprofessional conduct, the result would have been different. Id. at 1554.

Here, the magistrate judge held an evidentiary hearing on the ineffective assistance of counsel claim at issue -- concerning trial counsel's alleged threats to withdraw from representing Topete in his criminal case if Topete insisted on testifying in his own defense. After the hearing, the magistrate judge concluded that counsel had performed deficiently by threatening to withdraw if Topete elected to testify, but nevertheless concluded that Topete had failed to establish the Strickland prejudice prong. Specifically, the magistrate judge rejected Topete's Strickland claim because he had failed to show a reasonable probability that if he had testified in his own defense, the outcome of the trial would have been different. The district court ultimately adopted the magistrate judge's recommendation that Topete's Strickland claim be rejected.

On the record before us, the district court did not err in denying Topete's § 2255 motion because Topete failed to show that there was a reasonable probability that his testimony would have led to a different outcome in the case. See Strickland, 466 U.S. at 697 (holding that "a court need not determine whether

4

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). At trial, two witnesses testified that they purchased a substantial amount of drugs from Topete, and the jury heard recorded conversations between Topete and a codefendant regarding planned, but unconsummated, drug sales. At the § 2255 hearing before the magistrate judge, Topete offered the testimony he would have given at trial had he testified in his own defense. In the proposed testimony, he would have conceded that he discussed the sale of drugs, but would have asserted that it was a ploy to obtain money that a codefendant owed him for two cars seized by the government, and that he never participated or intended to participate in any drug sales.

It is not reasonably probable that this testimony, nor the remainder of his proposed testimony, would have caused the jury to render a different verdict, because his recorded conversations with the codefendant support the government's version of events and discredit Topete's. First, Topete's recorded conversations with the codefendant explicitly refer to the sale of cocaine and "weed." Second, they reflect a history of prior drug dealings and a plan for multiple future drug dealings, rather than a one-time transaction to recover $50,000 that Topete claims to have proposed. Third, Topete demonstrated a sophisticated understanding of, and deep familiarity with, the practice and profession of drug dealing. Fourth, Topete's recorded conversations indicate that Topete was connected with a

5

network of other individuals who helped him carry out his drug transactions on a regular basis. Finally, Topete explicitly discussed the cars seized by the government independently of his discussion about drugs, implying that his discussion about drugs was not simply a ploy to obtain money for the cars.

Because Topete has not demonstrated a reasonable probability that his testimony would have caused the jury to render a different verdict, his claim of ineffective assistance of counsel fails. See Strickland, 466 U.S. at 694. Accordingly, we affirm the denial of Topete's § 2255 motion.

**AFFIRMED**.